# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D17-5290

————————————————

PHOEBE FLANAGAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

————————————————

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

March 18, 2019


BILBREY, J.

Appellant challenges the conclusion of the trial court that a payment plan established under section 28.246, Florida Statutes (2017), is reasonable. We affirm.

Following Appellant's adjudication of guilt for trafficking in cocaine, possession of cocaine with intent to deliver, possession of paraphernalia, and violating a prior order of probation, she was sentenced to 41.1 months in prison and ordered to pay certain costs and fines. Pursuant to section 322.245(5)(a), Florida Statutes, Appellant's driver's license was suspended in September 2014 for failure to pay her fines and costs. Upon her release from prison, Appellant sought a payment plan for these outstanding fines and costs so she could seek reinstatement of

her driver's license.  On the authority of section 28.246(4), the clerk of the court for Escambia County enrolled Appellant in a plan requiring payment of $10 per month.

As permitted by section 28.246, Appellant challenged the reasonableness of her payment plan contending that the housing, utilities, and insurance that Appellant's mother pays on the home where Appellant resides rent-free should not be considered as income.  The trial court found that these recurring in-kind payments from Appellant's mother exceed $500 per month and therefore the payment plan was reasonable.

Appellant argues, among other things, that a payment plan is reasonable only if the required monthly payment amount is equivalent to two percent of her monthly net income, and since net income is defined in section 27.52(1)(a)1. as "consisting of total salary and wages, minus deductions required by law, including court-ordered support payments," consideration of anything other than a salary or a wage in calculating a payment is improper and hence unreasonable.  Appellant reads the applicable statutory law too narrowly.

Section 28.246(4) provides that an individual may seek a payment plan from the clerk of court for payment of court-ordered fees, service charges, costs, and fines.  The monthly amount required under such a plan "is presumed to correspond to the person's ability to pay if the amount does not exceed 2 percent of the person's annual net income, as defined in s. 27.52(1), divided by 12.  The court may review the reasonableness of the payment plan."  The presumption established in section 28.246(4) regarding a person's ability to pay does not limit what a trial court may consider in determining the reasonableness of a payment plan.  In this case, as noted, Appellant has benefited from substantial recurring family support in addition to receiving social security disability benefits.  Regular support from family as well as social security benefits are matters which are to be considered in determining whether a party is indigent under section 27.52.  That such assets may also be considered by a trial court in assessing the reasonableness of a payment plan is consistent with the statutory scheme.

2

Therefore, we agree the trial court correctly considered Appellant's in-kind income as a matter of law and find that the order is supported by competent, substantial evidence.

AFFIRMED.

ROWE and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Benjamin James Stevenson, ACLU Found. of Fla.; Jason Cromey, Pensacola; and Nancy Abudu, ACLU Found. of Fla., Miami, for Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee, and Codey L. Leigh, Pensacola for Appellee Pam Childers, Escambia County Clerk of Circuit Court and Comptroller, Pensacola.